FILED

OCT 19 2026

BONNIE HACKLER
Clerk, U.S. District Court
By ______ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

**ROBIN CARTER MAYES, Pro Se,**
*Plaintiff,*

v.

**BOARD OF COUNTY COMMISSIONERS OF CHEROKEE COUNTY, OKLAHOMA; and**

**RAY HAMMONDS, individually and as Chairman of the Ross Cemetery Association,**
*Defendants.*

**Case NO** CIV-26-383-GLJ

**COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE, AND INJUNCTIVE RELIEF**

## I. PREAMBLE & JURISDICTION

1. This is a civil action for declaratory judgment, quiet title, and injunctive relief to confirm the unallotted federal trust status of the Ross Cemetery parcel, enforce vested descendant property rights, and halt unlawful assertions of state and municipal authority over restricted land.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), as this action arises under federal Indian allotment acts, including the Curtis Act of 1898 (30 Stat. 495) and the Cherokee Allotment Act of 1902 (32 Stat. 716), which reserved the Subject Property from individual allotment and fee simple alienation.

3. Jurisdiction is further supported by 28 U.S.C. § 2201 and § 2202 (Declaratory Judgment Act) and 42 U.S.C. § 1983.

4. Plaintiff seeks a judicial decree declaring that the Subject Property remains unallotted restricted land over which Defendants possess no fee simple ownership, regulatory jurisdiction, or authority to delegate administrative domain.

## II. PARTIES & STANDING

5. Plaintiff, Robin Carter Mayes, is an individual resident of Denton, Texas, a Cherokee descendant of original Dawes enrollees, and a direct lineal descendant of Principal Chief John Ross with ancestors, immediate family, and extended kin interred within the Ross Cemetery. Plaintiff holds a protected federal property interest and perpetual burial easement in common under federal law and historical reservation acts.

6. Defendant Board of County Commissioners of Cherokee County, Oklahoma, is a political subdivision of the State of Oklahoma acting under color of state law.

7. Defendant Ray Hammonds, individually and in his official capacity as Chairman or authorized representative of the Ross Cemetery Association, along with its officers, agents, and successors in interest, acting under color of state law pursuant to an official delegation of authority from the Board of County Commissioners of Cherokee County, Oklahoma.

## III. FACTUAL ALLEGATIONS

### A. Unallotted Federal Status of the Subject Property

8. The Subject Property, situated in Section 23, Township 16 North, Range 22 East, Cherokee County, Oklahoma, was established in the 1840s as the historical burial ground of Principal Chief John Ross and his family.

9. Under the Dawes Commission allotment process executed pursuant to the Curtis Act of 1898 and the Cherokee Allotment Act of 1902, the Subject Property was intentionally excluded from individual land patents and designated as an unallotted "Out/Graveyard" ("G.Y.") tract.

10. No Act of Congress has ever extinguished the federal trust restrictions on this tract, nor has Congress ever conveyed fee simple title or municipal domain over the Subject Property to the State of Oklahoma or Cherokee County.

**B. Ultra Vires County Assertion of Domain**

11. On May 19, 2025, Defendant Board of County Commissioners executed a "Memorandum of Agreement" (recorded at Book 1444, Page 280, Cherokee County Clerk) purporting to grant Defendant Ray Hammonds and the Ross Cemetery Association a "99-year" term of administrative and enforcement authority over the Subject Property.

12. On February 11, 2025, Defendant Hammonds filed Bylaws (recorded at Book 1435, Page 113, Cherokee County Clerk) asserting that "[n]o other entity other than the Cherokee County Commissioners has authority on decisions regarding the Ross Cemetery".

13. Defendant Board of County Commissioners possesses no federal patent, statutory grant, or fee simple title to the Subject Property. Consequently, its attempt to exercise regulatory jurisdiction or delegate a 99-year administrative franchise over unallotted federal land is *ultra vires*, null, and void *ab initio*.

**C. Protection of All Existing Interments**

14. Plaintiff explicitly clarifies that this action pertains strictly to establishing underlying property domain and halting state-actor overreach. This action seeks no alteration, disturbance, or restriction regarding any existing, established graves within the Ross Cemetery, all of which shall remain fully respected and undisturbed.

## IV. CLAIMS FOR RELIEF

### COUNT I: DECLARATORY JUDGMENT & QUIET TITLE (28 U.S.C. §§ 2201–2202)

*(Unallotted Restricted Status & Absence of County Domain)*

15. An actual, justiciable controversy exists concerning the legal ownership and regulatory authority over the Subject Property.

16. Plaintiff is entitled to a decree declaring that: a. The Subject Property is unallotted restricted land reserved under federal law; b. Defendants hold no fee simple title, easement, or regulatory domain over the parcel; and c. The Memorandum of Agreement (Book 1444, Pg 280) and associated Bylaws (Book 1435, Pg 113) are void and of no legal effect.

### COUNT II: DEPRIVATION OF PROPERTY RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) *(Fourteenth Amendment Due Process Violation)*

17. By executing an unauthorized 99-year agreement and asserting administrative monopoly over unallotted federal land without statutory authority or judicial process, Defendants acting under color of state law have unconstitutionally impaired and interfered with Plaintiff's vested descendant property interest and burial easement.

18. **COUNT III: PERMANENT INJUNCTION (Fed. R. Civ. P. 65)**

*(Enjoining County Assertion of Control)*

19. Plaintiff is entitled to a Permanent Injunction prohibiting Defendants, their officers, and agents from exercising municipal authority, granting third-party operational permits, or enforcing county-backed regulations upon the Subject Property.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a Declaratory Judgment confirming the Subject Property as unallotted restricted land free from municipal or county domain;
2. Issue a decree quieted against Defendants' recorded Memorandum of Agreement (Book 1444, Pg 280) and Bylaws (Book 1435, Pg 113);
3. Issue a Permanent Injunction enjoining Defendants from asserting administrative control over the grounds; and
4. Grant such other legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

Dated: 10-16, 2026 Robin Mayes

ROBIN CARTER MAYES, Pro Se
3016 Groveland Terrace
Denton, Texas 76210
(940) 206-0537
mayes1839@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16TH day of October, 2026, a true and correct copy of the foregoing Complaint for Declaratory Judgment, Quiet Title, and Injunctive Relief, along with Exhibits A through E, was prepared for formal service of summons pursuant to Fed. R. Civ. P. 4 upon Defendants at the following addresses:

Board of County Commissioners of Cherokee County
Cherokee County Courthouse
213 W. Delaware St., Room 202
Tahlequah, OK 74464

Ray Hammonds, Chairman
Ross Cemetery Association
c/o Cherokee County Courthouse
213 W. Delaware St., Room 202
Tahlequah, OK 74464

Ray Hammonds, Chairman
Ross Cemetery Association
Coventry Ln.
Fort Gibson, OK 74434

Robin Mayes

ROBIN CARTER MAYES, Pro Se